UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERNATIONAL INFORMATION SYSTEMS SECURITY CERTIFICATION CONSORTIUM, INC. <br><br> Plaintiff, <br> VS. <br><br> SECURITY UNIVERSITY, LLC, and SONDRA SCHNEIDER <br><br> Defendant. | CIVIL ACTION NO.: <br><br><br> AUGUST 3, 2010 |

**COMPLAINT**

The plaintiff, International Information Systems Security Certification Consortium, Inc. ("Plaintiff"), for its complaint against the defendants, Security University, LLC ("Security University") and Ms. Sondra Schneider ("Defendant Schneider") alleges as follows:

**PARTIES**

1.  Plaintiff is a non-profit Massachusetts corporation with a principal place of business located at 33920 U.S. Highway 19 North, Palm Harbor, Florida.

2.  Upon information and believe Defendant Security University is a single member for-profit Delaware limited liability company with a principal place of business located at 109 Weed Avenue, Stamford, Connecticut.

3.  Upon information and believe Defendant Sondra Schneider is a natural person domiciled in Connecticut and having a residence at 109 Weed Ave, Stamford, Connecticut. She is the sole employee and sole member of Security University.

{N0858801;3}

## JURISDICTION AND VENUE

4. This is an action for trademark infringement under Section 32 of the Lanham Act of 1946, as amended; false designation of origin under Section 43 of the Lanham Act; and dilution of a famous mark under Lanham Act, 15 U.S.C. § 1125(c).

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper under 28 U.S.C. §§1391(b) and 1391(c).

## THE INTELLECTUAL PROPERTY RIGHTS OF PLAINTIFF

7. Plaintiff is a global, not-for-profit organization that was formed in 1989 to develop accepted standards for the information security industry.

8. Plaintiff, among other things, certifies industry professionals in international information security standards, administers training and certification examinations, and ensures that credentials are maintained.

9. In or about March 1990, Plaintiff began to use the mark CISSP in commerce.

10. Since that time, the plaintiff and information security professionals have used the CISSP mark as a certification of the competency of the information security professionals once they meet certain requirements, including successful completion of the examination for CISSP certification.

11. The examination for CISSP certification is continually updated to reflect rapidly changing technology and security information issues.

12. The CISSP mark has become accepted as the standard for certifying the competency of information security professionals and is now well known in the information security field.

13. On or about March 18, 1997, the United States Patent and Trademark Office issued to the Plaintiff, trademark registration number 2045256 for the certification mark, CISSP. (See Registration attached hereto as Exhibit A).

14. The Plaintiff, has become the accepted leader for certifying information security professionals throughout their careers and has certified over 60,000 information security professionals in more than 130 countries.

15. Plaintiff laid extensive groundwork by compiling and distilling an overwhelming compendium of information to form the basis for its certification examinations.

16. Plaintiff continues to own the registration for the CISSP certification mark, and the certification mark is now incontestable.

17. Plaintiff has expended, and continues to expend, considerable time, money and effort promoting and protecting the CISSP mark.

## THE INFRINGING AND ILLEGAL ACTS OF SECURITY UNIVERSITY

18. Security University promotes itself as a business that provides global computer security and wireless security training to information technology and security professionals.

19. Security University maintains a significant presence on the World Wide Web by which it markets its training courses to potential customers. See Exhibit B.

20. One of the training courses offered by Security University is being promoted and advertised as "Security University's CISSP Prep Class: Register for CISSP Prep class with Master CISSP Clement Dupuis today!" See Exhibit C.

21. Security University further promotes its training course as being "taught by CISSP Master Clement Dupuis".

22  Security University's improper use of the CISSP mark is likely to cause confusion, to cause mistake, or to deceive members of the public into believing that Plaintiff's mark is somehow capable of being "mastered" and that such mastery is only available from Security University.

23. Before filing this suit, Plaintiff, through counsel, requested that Security University cease its improper use of the CISSP mark. See Exhibits D & E.

24. Despite these requests, Security University has refused to cease its improper use of the CISSP mark.

25. This is not the first time Plaintiff has had to bring legal action against Security University for trademark infringement and dilution of its protected mark marks.

26. In 2008, Plaintiff instituted the legal action captioned <u>International Information Systems Security Certification Consortium, Inc. v. Security University, LLC</u>, 3:08-CV-00343 (VLB), claiming that Security University was improperly using another of its protected marks (ISC)$^2$.

27. The outcome of that suit was the court's entry of a permanent injunction enjoining Security University from using the Plaintiff's (ISC)$^2$ mark and awarded attorneys' fees to the Plaintiff. See Exhibit F.

28.     Security University, failed to comply with the Court's injunction for an extended period of time resulting in several motions for contempt by the Plaintiff and additional proceedings which further delayed compliance.

29.     Eventually, Security University complied with the Court ordered injunction and paid $11,014.84, an amount which represents approximately half of the attorneys' fees awarded by the court.  See Exhibit G

30.     Security University, however, has failed to pay the $11,624.61 remaining due under the Court's order.

31.     Security University's willful actions as described herein (1) have the likelihood of deceiving or confusing the public; (2) constitute a false designation of Security University's goods or services; (3) suggest that Plaintiff's mark is somehow capable of being "mastered"; and/or (4) will cause dilution of the CISSP mark.

## THE INFRINGING AND ILLEGAL ACTS OF DEFENDANT SCHNEIDER

32.     As the sole member and sole employee of Security University, Defendant Schneider exercises absolute control over all aspects of Security University including its finances, policies and business dealings.

33.     Defendant Schneider routinely commingles her personal funds with the funds of Security University.

34.     Defendant Schneider routinely pays the debts of Security University with her own personal banking accounts.

35.     Defendant Schneider uses the identity of Security University interchangeably with her own personal identity.

36. In the past, Security University had no offices. Rather, its place of business was Defendant Schneider's residence at 109 Weed Ave, Stamford, CT.

37. Security University still employs a telephone and fax machine number registered in Connecticut, in the (203) area code, attributable to Defendant Schneider's residence at 109 Weed Ave, Stamford, CT.

38. Security University was formerly a Connecticut Limited Liability Company, which was improperly dissolved, in contravention to Conn. Gen. Stat. §§ 34-210 through 34-214, inclusive, by Defendant Schneider in 2009 to avoid liabilities to the plaintiff stemming from the previous lawsuit (3:08-CV-00343 (VLB)).

39. Based on these facts, Defendant Schneider and defendant Security University have an undeniable unity of interest and ownership.

40. In exercising complete control over Security University, Defendant Schneider is responsible for the content of all advertising and promotions made on behalf of Security University, including the improper advertising of training courses offered by Security University which are being promoted and advertised as "Security University's CISSP Prep Class: Register for CISSP Prep class with Master CISSP Clement Dupuis today!"

41. Defendant Schneider is also responsible for the promotion of its training course as being "taught by CISSP Master Clement Dupuis".

42. Defendant Schneider's improper use of the CISSP mark is likely to cause confusion, to cause mistake, or to deceive members of the public into believing that Plaintiff's mark is somehow capable of being "mastered" and that such mastery is only available from Security University.

43. Before filing this suit, Plaintiff, through counsel, requested Defendant Schneider cease its improper use of the CISSP mark. <u>See</u> Exhibits D & E.

44. Despite these requests, Defendant Schneider has refused to cease its improper use of the CISSP mark.

45. Defendant Schneider's willful actions (1) have the likelihood of deceiving or confusing the public; (2) constitute a false designation of Security University's goods or services; (3) suggest that Plaintiff's mark is somehow capable of being "mastered"; and/or (4) will cause dilution of the CISSP mark.

### **FIRST COUNT – Violation of Section 32 of the Lanham Act**

1.-45. Paragraphs 1 through 45 of this Complaint are hereby incorporated by reference as Paragraphs 1 through 45 as if fully set forth herein.

46. The actions of Security University are likely to cause confusion, or to cause mistake, and/or deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. The acts and conduct of Security University are willful and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

48. The Plaintiff is being irreparably harmed by Security University's conduct and will continue to be so harmed unless enjoined by this Court.

### **SECOND COUNT – Violation of Section 32 of the Lanham Act**

1.-45. Paragraphs 1 through 45 of this Complaint are hereby incorporated by reference as Paragraphs 1 through 45 as if fully set forth herein.

46. The actions of Defendant Schneider are likely to cause confusion, or to cause mistake, and/or deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. The acts and conduct of Defendant Schneider are willful and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

48. The Plaintiff is being irreparably harmed by Defendant Schneider's conduct and will continue to be so harmed unless enjoined by this Court.

### THIRD COUNT – Violation of Section 43 of the Lanham Act

1.-45. Paragraphs 1 through 45 of this Complaint are hereby incorporated by reference as Paragraphs 1 through 45 as if fully set forth herein.

46. Because of Security University's wrongful use of the CISSP mark, the public is deceptively led to believe that Security University's training courses originate with or are sponsored or otherwise approved by the Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. The foregoing acts and conduct by Security University constitute false designation of origin and false advertising in connection with products and services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. The Plaintiff is being irreparably harmed by Security University's conduct and will continue to be so harmed unless enjoined by this Court.

### FOURTH COUNT – Violation of Section 43 of the Lanham Act

1.-45. Paragraphs 1 through 45 of this Complaint are hereby incorporated by reference as Paragraphs 1 through 45 as if fully set forth herein.

46.   Because of Defendant Schneider's wrongful use of the CISSP mark, the public is deceptively led to believe that Security University's training courses originate with or are sponsored or otherwise approved by the Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.   The foregoing acts and conduct by Defendant Schneider constitute false designation of origin and false advertising in connection with products and services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.   The Plaintiff is being irreparably harmed by Defendant Schneider's conduct and will continue to be so harmed unless enjoined by this Court.

## FIFTH COUNT – Dilution of a Famous Mark

1.-45.   Paragraphs 1 through 45 of this Complaint are hereby incorporated by reference as Paragraphs 1 through 45 as if fully set forth herein.

46.   The CISSP mark is a famous trademark within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).

47.   The Plaintiff does not control the quality of Security University's web site, the training courses it offers, advertising and other promotional materials, and its use of the CISSP mark.  As a result of such use by Security University, the distinctive qualities of the CISSP mark are likely to be diluted, in violation of 15 U.S.C. § 1125(c).

48.   The Plaintiff is being irreparably harmed by Security University's conduct and will continue to be so harmed unless enjoined by this Court.

## SIXTH COUNT – Dilution of a Famous Mark

1.-45. Paragraphs 1 through 45 of this Complaint are hereby incorporated by reference as Paragraphs 1 through 45 as if fully set forth herein.

46. The CISSP mark is a famous trademark within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).

47. The Plaintiff does not control the quality of Security University's web site, the training courses it offers, advertising and other promotional materials, and its use of the CISSP mark. As a result of such use by Defendant Schneider, the distinctive qualities of the CISSP mark are likely to be diluted, in violation of 15 U.S.C. § 1125(c).

48. The Plaintiff is being irreparably harmed by Defendant Schneider's conduct and will continue to be so harmed unless enjoined by this Court.

## SEVENTH COUNT – Violations of Conn. Gen. Stat. § 42-110a *et seq.*

1.-45. Paragraphs 1 through 45 of this Complaint are hereby incorporated by reference as Paragraphs 1 through 45 as if fully set forth herein.

46. Security University is in the trade or business of information security and training in the trade or business of information security.

47. The acts complained of herein, when viewed in connection with the prior actions of Security University, demonstrate a pattern of deceptive and unfair trade practices in the conduct of its trade or business and thereby constitute violations of the Connecticut Unfair Trade Practices Act C.G.S. § 42-110 (a) et seq. ("CUTPA").

48. As a result of Security University's deceptive and unfair trade practices the Plaintiff has suffered ascertainable losses in that the public is deceptively led to believe that Security University's training courses originate with or are sponsored or otherwise

approved by the Plaintiff and the distinctive qualities of the CISSP mark are likely to be diluted.

## EIGHTH COUNT – Violations of Conn. Gen. Stat. § 42-110a *et seq.*

1.-45. Paragraphs 1 through 45 of this Complaint are hereby incorporated by reference as Paragraphs 1 through 45 as if fully set forth herein.

46. Defendant Schneider, as the sole member of Security University, and is in the trade or business of information security and training in the trade or business of information security.

47. The acts complained of herein, when viewed in connection with the prior actions of Defendant Schneider and Security University, demonstrate a pattern of deceptive and unfair trade practices in the conduct of their trade or business and thereby constitute violations of the Connecticut Unfair Trade Practices Act C.G.S. § 42-110 (a) et seq. ("CUTPA").

48. As a result of Defendant Schneider's deceptive and unfair trade practices the Plaintiff has suffered ascertainable losses in that the public is deceptively led to believe that Security University's training courses originate with or are sponsored or otherwise approved by the Plaintiff and the distinctive qualities of the CISSP mark are likely to be diluted.

WHEREFORE, Plaintiff prays for the following:

1. An order preliminarily and permanently enjoining Security University from:

    a. using CISSP mark for goods or services, or engaging in conduct that would likely cause confusion as to the degree of certification obtained and/or connected with the Plaintiff's mark;

    b. doing any other act or thing likely to induce the belief that Security University's goods or services are in any way sponsored, licensed or endorsed by Plaintiff; and

    c. diluting the CISSP mark.

2. An order preliminarily and permanently enjoining Defendant Schneider from:

    a. using CISSP mark for goods or services, or engaging in conduct that would likely cause confusion as to the degree of certification obtained and/or connected with the Plaintiff's mark;

    b. doing any other act or thing likely to induce the belief that Security University's goods or services are in any way sponsored, licensed or endorsed by Plaintiff; and

    c. diluting the CISSP mark.

3. An award of money damages, multiple damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

4. Interest and costs.

5. Punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

6. Attorneys' fees pursuant to Conn. Gen. Stat. § 42-110g.

7. Such other relief as this Court deems just and proper.

THE PLAINTIFF,
INTERNATIONAL INFORMATION SYSTEMS
SECURITY CERTIFICATION CONSORTIUM, INC.

BY: _____
Fatima Lahnin
Federal Bar No. ct24096
Carmody & Torrance LLP
195 Church Street; P.O. Box 1950
New Haven, CT  06509-1950
Phone: 203-777-5501
Fax: 203-784-3199
flahnin@carmodylaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERNATIONAL INFORMATION SYSTEMS SECURITY CERTIFICATION CONSORTIUM, INC.<br><br>Plaintiff,<br>VS.<br><br>SECURITY UNIVERSITY, LLC, and SONDRA SCHNEIDER<br><br>Defendant. | CIVIL ACTION NO.:<br><br><br><br>AUGUST 3, 2010 |

## JURY DEMAND

Plaintiff hereby requests a trial by jury of any issue so triable as of right pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure.

THE PLAINTIFF,
INTERNATIONAL INFORMATION SYSTEMS
SECURITY CERTIFICATION CONSORTIUM, INC.

BY: _____
Fatima Lahnin
Federal Bar No. ct24096
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Phone: 203-777-5501
Fax: 203-784-3199
flahnin@carmodylaw.com

{N0858801;3}